## Peter Muller and Jacob Muller, Appellants, v. Abraham Bernstein and Henry Wolff, Appellees.

### Gen. No. 20,936.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and judgment here. Opinion filed February 16, 1916. Rehearing granted and additional opinion filed April 12, 1916.

### Statement of the Case.

Action in Municipal Court of Chicago by Peter Muller and Jacob Muller, plaintiffs, against Abraham Bernstein and Henry Wolff, defendants, to recover damages for defendant's failure to terminate certain leases. From a judgment for defendants, the plaintiffs bring writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In the lease sued on, dated April 25, 1910, the defendants demised to plaintiffs two stores from May 7, 1910, to April 30, 1920. The tenth clause of the lease provided that ''It is further covenanted and agreed by the parties of the first part that the parties of the second part shall have said demised premises free of any rent to July 1, 1910, but said parties of the second part agree to assume all responsibility of eviction, if necessary, the present lessees of said demised premises, but parties of the first part agree to serve as witnesses should their testimony be required.''

Upon the first trial of this cause, the Municipal Court struck the plaintiffs' statement of claim from the files on the ground that it did not state a cause of action, and on appeal to the Appellate Court (*Muller v. Bernstein,* 183 Ill. App. 154) it was held that the tenth section of the lease placed the duty of terminating the prior leases by May 7th upon the defendants and lessors. Mr. Justice Brown, speaking for the court in that case, said, at page 157: ''The clause in question as we construe it did nothing more than make an express statement of the situation which the law made without it.'' Upon the second trial, from which this appeal was made, the Municipal Court admitted testimony offered for the purpose of showing that the intention of the parties was to place the burden of terminating the lease on the plaintiffs and lessees, and on the evidence so offered the court held that the plaintiffs were charged with that duty, and so entered judgment for the defendants.

EDWARD A. MECHLING, for appellants; WYMAN, JURGENS & CARPENTER, of counsel.

BLUM & BLUM, for appellees.

MR. JUSTICE GOODWIN delivered the opinion of the court.

Muller et al. v. Bernstein et al., 198 Ill. App. 104.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 84*—*when evidence inadmissible to vary terms of lease.* Where a lease gives the lessees right to possession on a certain day and provides that lessees assume responsibility for eviction, if necessary, of prior tenants in possession at date of lease, as such lease is not ambiguous in its terms, it cannot be varied by extrinsic evidence.

2. LANDLORD AND TENANT, § 191*—*what damages recoverable for breach of covenant of quiet enjoyment.* Where plaintiffs were excluded from premises demised to them by reason of defendants' failure, as lessors, to perform their implied covenant of quiet enjoyment, they only recover value of the use of the premises equal to the amount of monthly rental up to the time when they could have obtained possession of the premises by the service of notices.

3. APPEAL AND ERROR, § 1414*—*when finding of court conclusive on appeal.* Where evidence is undisputed that the value of the use of the premises is equal to the monthly rental in the lease and no exception is preserved to a finding of the court on that valuation, it must be *held* that such evidence is conclusive.

## On Rehearing.

1. LANDLORD AND TENANT, § 176*—*when covenant for quiet enjoyment implied.* A lease of premises on which there was another outstanding lease that could be terminated by suitable action on the part of lessors, and which contains a clause whereby the lessees "assume all responsibility of eviction if necessary," of the tenants under the prior outstanding lease, in itself, and notwithstanding such clause, implies a covenant of quiet enjoyment.

2. LANDLORD AND TENANT, § 261*—*what constitutes responsibility of eviction.* The words "responsibility of eviction" in a lease mean the burden of expelling by legal process those in possession, if they wrongfully withhold it.

3. LANDLORD AND TENANT, § 79*—*when lease construed as imposing obligation on lessor to terminate outstanding lease.* Words in a lease to the effect that lessors "agree to serve as witnesses should their testimony be required," which follow a phrase whereby lessees agree "to assume all responsibility of eviction, if necessary," of tenants in possession, show intention that lessors are to take steps to terminate the lease by giving necessary notices.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Muller et al. v. Bernstein et al., 198 Ill. App. 104.

4. LANDLORD AND TENANT, § 73*—*when lease construed as authorizing free rent for time lessee deprived of premises because of remodeling.* Where a lease for a long term contains a clause giving the premises without rent to lessees for fifty-four days and lessees agree therein to remodel and subdivide the building leased, such clause must not be construed as evidencing the intention that the free rental was given in consideration of lessees assuming the burden of serving notices on tenants in possession and to cover the time it would take to evict them, but rather as showing that the concession in rent was for the time lessees would be deprived of any productive use of the premises on account of the remodeling and subdivision thereof.

5. LANDLORD AND TENANT, § 261*—*when lessees obliged to evict tenant in possession.* A lease which provides that the lessees "agree to assume all responsibility of eviction, if necessary," of tenants in possession, and also provides that the lessees "shall have the demised premises free of any rent" to a specified date, must be construed as placing the burden of evicting the prior tenants upon the lessees, but not that of terminating the lease.

6. EVIDENCE, § 319*—*when written instrument may not be varied by parol evidence.* The rule which prevents the varying of a written instrument by parol evidence denies such an effect to parol evidence even when such evidence is properly in the record.

7. EVIDENCE, § 91*—*what does not constitute waiver of objection to parol evidence.* Evidence in regard to discussions with lessors on the matter of service of notice to tenants, where the service of notice is in issue, do not constitute a waiver of objection to parol evidence, offered by lessors to explain terms of a lease which are not ambiguous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.